# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| APP WINDDOWN, LLC, *et al.*,[1] | Case No. 16-12551 (BLS) |
| Debtors. | (Jointly Administered) |
| APP USA WINDDOWN, LLC, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 18-_____ |
| SUN TRADE GROUP, INC (D/B/A SUN APPAREL) | |
| Defendant. | |

## COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE

APP USA Winddown, LLC, one of the above-captioned debtors and debtors in possession, and the plaintiff in this adversary proceeding ("APP USA" or "Plaintiff," and collectively with the above-captioned debtors, the "Debtors"), hereby brings suit against Defendant Sun Trade Group, Inc. (d/b/a Sun Apparel) ("Sun Trade" or "Defendant") for turnover of property of Plaintiff's bankruptcy estate.

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): APP Winddown, LLC (f/k/a American Apparel, LLC) (0601); APP USA Winddown, LLC (f/k/a American Apparel (USA), LLC) (8940); APP Retail Winddown, Inc. (f/k/a American Apparel Retail, Inc.) (7829); APP D&F Winddown, Inc. (f/k/a American Apparel Dyeing & Finishing, Inc.) (0324); APP Knitting Winddown, LLC (f/k/a KCL Knitting, LLC) (9518); and APP Shipping Winddown, Inc. (f/k/a Fresh Air Freight, Inc.) (3870). The address of each of the Debtors is 107 Millcreek Corners, Suite B, P O Box 5129, Brandon, MS 39047.

**Preliminary Statement**

1. Prior to the filing of Plaintiff's bankruptcy petition, Sun Trade was a wholesale customer of APP USA. As of the date hereof, APP USA has a $1,945,487.26 account receivable balance with Sun Trade (the "AR Balance"). Sun Trade is not current on its payments, and the entire AR Balance is due and owed. Accordingly, Plaintiff seeks entry of a judgment compelling turnover to Plaintiff of the AR Balance, plus interest thereon, and attorney fees. In support of this Complaint for Turnover, Plaintiff alleges as follows:

**Jurisdiction and Venue**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and § 1334(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), sections 541 and 542 of title 11 of the United States Code (the "Bankruptcy Code") and 28 U.S.C. § 2201.

**The Parties**

5. Plaintiff, APP USA Winddown, LLC, is one of the above-captioned debtors and debtors in possession.[2]

---

[2] APP USA Winddown, LLC was formally known as American Apparel USA, LLC

6.      Upon information and belief, Defendant, Sun Trade Group, Inc. (d/b/a Sun Apparel), is a California corporation with its registered agent located at 1251 Burton Street, Fullerton, CA 92831.

## Background

**A.    The Chapter 11 Cases**

7.      On November 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On November 22, 2016, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

9.      On January 12, 2017, the Court entered the *Order Approving the Sale of Stalking Horse Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith and (III) Granting Related Relief* [Docket No. 491], which approved the sale of certain assets to Gildan Activewear SRL ("Gildan"). On January 12, 2017, the Court also entered the *Order Authorizing and Approving the Debtors' Entry into Lease Termination Agreements and the Assumption and Assignment of Unexpired Leases in Connection Therewith* [Docket No. 494], which approved the sale and termination of certain of the Debtors' leases. These Orders allowed the Debtors to begin the wind down process by liquidating certain

valuable assets and leases. The Debtors continue their wind down efforts with goals of reducing administrative costs and disposing of assets which provide little or no benefit to their estates.

10. Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure, financial condition and the reasons for and objectives of these cases, is set forth in the *Declaration of Mark Weinsten in Support of First Day Pleadings* (Docket No. 24) (the "First Day Declaration"), filed on November 14, 2016 and incorporated herein by reference.

**B.  Facts**

11. Prior to the Petition Date, Defendant was a wholesale customer of Plaintiff.

12. As of the date of the filing of this Complaint for Turnover, Plaintiff has an accounts receivable balance with Defendant in the amount of $1,945,487.26.

13. The entire amount of the AR Balance is currently due and owed.

14. Plaintiff has made demands to Defendant for payment of the AR Balance.

15. Despite repeated demands, Defendant has not paid the AR Balance.

### Claim for Relief

**(Turnover by Defendant Pursuant to 11 U.S.C. § 542 of the AR Balance)**

16. Plaintiff hereby realleges and incorporates each of the above paragraphs as though fully set forth herein.

17. Defendant owes $1,945,487.26 to Plaintiff for goods and inventory delivered prior to the Petition Date, plus accruing interest.

18. The AR Balance is property that the Plaintiff and/or the Debtors may use within the meaning of sections 542(a) and 363 of the Bankruptcy Code.

19. Defendant has not paid the AR Balance owed to Plaintiff.

20. Plaintiff has made repeated demands for the turnover of the AR Balance.

21. As of the date of filing of the Complaint, Defendant has refused to turn over any amount or respond to Plaintiff's requests.

22. Plaintiff is entitled to the turnover of the AR Balance in the amount of $1,945,487.26, plus interest thereon, and the costs of this action and attorneys' fees.

**WHEREFORE**, Plaintiff requests the entry of judgment against the Defendant as follows:

    a) On the Claim for Relief, ordering the turnover to Plaintiff of the AR Balance, plus interest thereon;

    b) Awarding Plaintiff its attorneys' fees, costs and other expenses incurred in this action; and

    c) Granting Plaintiff such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 9, 2018<br>      Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Laura Davis Jones (DE Bar No. 2436)<br>James E. O'Neill (DE Bar No. 4042)<br>Joseph M. Mulvihill (DE Bar No. 6061)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>       joneill@pszjlaw.com<br>       jmulvihill@pszjlaw.com<br><br>and<br><br>Scott J. Greenberg<br>Michael J. Cohen<br>Genna L. Ghaul<br>250 Vesey Street<br>New York, NY 10281<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>Email: sgreenberg@jonesday.com<br>       mcohen@jonesday.com<br>       gghaul@jonesday.com<br><br>Co-Counsel for the Debtors<br>and Debtors-in-Possession |